**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

Barabara J. Oliver,

                                        Plaintiff,

        v.                                                      5:26-CV-543
                                                                (MAD/MJK)

Sheriff Department, *et. al.*,

                                        Defendant.

---

Barabara Oliver, *Pro Se*

Mitchell J. Katz, U.S. Magistrate Judge

To the Honorable Mae A. D'Agostino, U.S. District Judge:

### ORDER & REPORT-RECOMMENDATION

Oliver began this action on April 4, 2026, by filing a Complaint. (Dkt. 1). Oliver also filed a motion requesting that the U.S. Marshal serve her summons and Complaint and a motion to appoint counsel. (Dkts. 5, 6). The Clerk sent Oliver's motions to this Court for review. (Dkts. 5, 6).

## I.    BACKGROUND

The allegations in this Complaint are unnecessary to the analysis, so the Court does not include them.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915, courts may dismiss a case—at any time—if it determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

When determining whether an action is frivolous, courts must consider whether the complaint lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); 28 U.S.C. § 1915. Dismissal of frivolous actions is appropriate to prevent abuses of court process and to discourage the waste of judicial resources. *See Neitzke*, 490 U.S. at 327; *see also Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974).

To be sure, courts have a duty to show liberality toward *pro se* litigants and must use extreme caution when *sua sponte* dismissing *pro se* complaints before adverse parties have been served and had an opportunity to respond. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may

dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee). But courts *still* have a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See id.*

## III.  DISCUSSION

Below, the Court reviews the sufficiency of Oliver's Complaint and addresses her motion to appoint counsel. In Section III.A., the Court recommends the District Court dismiss Oliver's Complaint because it fails to state a claim. In Section III. B., the Court denies Oliver's motion to appoint counsel.

### A. Oliver's Complaint fails to state a claim.

Pleadings must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief …" Fed. R. Civ. P. 8(a)(2). "The purpose of" Rule 8 "is to give fair notice of the claim being asserted so" adverse parties have "the opportunity to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of res judicata is applicable." *Oliver v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (cleaned up). The rule also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1), (3). "Although 'no technical form is required,' the Federal

Rules make clear that each allegation contained in the pleading 'must be simple, concise, and direct.'" *Cole v. Smrtic*, No. 1:24-CV-847, 2024 WL 4870495, at *2 (N.D.N.Y. 2024) (quoting Fed. R. Civ. P. 8(d)). Allegations "so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order). To survive dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft*, 556 U.S. at 678 (cleaned up).

Reviewing the Complaint with the special solicitude owed to *pro se* plaintiffs, Oliver's Complaint does not state a claim. To the extent it does, the District Court should reject Oliver's claims because they seek to prosecute a criminal action in federal court and that is impermissible. *See, e.g.,* (Complaint, Dkt. 1, at pg. 19-20); *see also Uppal v. Bank of Am.*, No. 18-CV-3085, 2018 WL 10323032, at *2 (S.D.N.Y. Oct. 4, 2018) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614,

619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). While the Complaint also refers to the First Amendment, it does not plausibly state a First Amendment claim, as it appears to allege that the electronic devices alleged to have been installed on Oliver's body caused her to lose her First Amendment rights.[1]

### B. The Court denies Oliver's motion to appoint counsel.

There is no right to the appointment of counsel in civil matters. *See Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Appointment of counsel must be done carefully to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. *See Cooper v. A. Sargenti, Inc.*, 877 F.2d 170, at 172-73 (2d. Cir. 1989). Before the Court conducts a substantive analysis of Oliver's request, she must make a showing that she has sought representation and that her requests have been declined. *See Cooper,* 877 F.2d at 173 (citing *Jenkins v. Chemical Bank,* 721 F.2d 876 (2d Cir. 1983). This showing is typically satisfied when a plaintiff identifies the attorneys they have contacted and attaches to their motion letters from attorneys

---

[1] The complaint also refers to 28 U.S.C. §4101, which concerns itself with foreign judgments, and clearly no claim is stated under this statute.

declining their request for representation. *See Terpening v. McGinty*, No. 1:21-CV-1215 (GTS/CFH), 2022 WL 2115265, at *1 (N.D.N.Y. June 13, 2022) (citations omitted); *see also N.D.N.Y. Pro Se Handbook, at 5.*

Oliver has not met her initial burden. Her motion indicates that she contacted the "Bar Association and another law firm." (Dkt. 6, ¶ 2). However, Oliver's motion does not include any declination letters. Even if Plaintiff's motion did include the requisite declination letters, that does not end the Court's inquiry.

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, several factors must be carefully considered by the Court in ruling upon such a motion. When analyzing requests to appoint counsel, courts consider five factors: (1) "whether the indigent" person's claims seem likely to be of substance;" (2) "whether the indigent" person "is able to investigate the crucial facts concerning" their "claim;" (3) "whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;" (4) "whether the legal issues involved are complex; and" (5) "whether there are any special

reasons why appointment of counsel would be more likely to lead to a just determination." *Bussey v. Moore*, 23-CV-247, 2025 WL 1650792 at *1 (W.D.N.Y. June 11, 2025) (cleaned up) (citing *Hodges v. Police Officers,* 802 F.2d 58 (2d Cir. 1986)).

The Court is unaware of any special reason why appointment of counsel in this case is warranted at this time. The only facts which this Court may base its decision as to whether this lawsuit is of substance are the facts stated in Oliver's Complaint. Where there are merely unsupported allegations, the moving party does not meet the first requirement imposed by the Second Circuit for appointment of pro bono counsel. *See Harmon v. Runyon*, No. 96-CV-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997). After the facts in this case have been developed, Oliver may file a new motion for appointment of counsel, at which time, the Court will be better able to determine whether appointment of counsel is warranted. Oliver is advised that any renewed motion for appointment of counsel must be accompanied by documentation that substantiates her efforts to obtain counsel from the public and private sector. Thus, Oliver's motion for appointment of counsel is denied without prejudice.

**C. The Court denies Oliver's motion requesting the U.S. Marshal serve the summons and Complaint.**

Oliver's motion to have the U.S. Marshal serve the summons and Complaint is denied as moot. "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigoa v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983). Because the Court recommends that the District Court dismiss the Complaint there is no longer a controversy. And thus, this Court cannot grant Oliver's motion to have the U.S. Marshal effectuate service.

## V.    CONCLUSION

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, the District Court dismiss Oliver's Complaint **WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND** because it fails to comply with Fed. R. Civ. P. 8; and it is

**ORDERED**, that Oliver's motion requesting the U.S. Marshal to serve the summons and Complaint (Dkt. 5) is **DENIED**; and it is further

**ORDERED**, that Oliver's motion to appoint counsel (Dkt. 6) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on Plaintiff by regular mail.[2]

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW**. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 17, 2026

_____
Hon. Mitchell J. Katz
U.S. Magistrate Judge

---

[2] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) *(per curiam)*.

2025 WL 1650792
Only the Westlaw citation is currently available.
United States District Court, W.D. New York.

Diamond BUSSEY, 22-B-119, Plaintiff,
v.
Shaun MOORE and Joseph Judd, Defendants.

23-CV-247 JLS(Sr)
|
Signed June 11, 2025

**Attorneys and Law Firms**

Diamond Bussey, Albion, NY, Pro Se.

Robert John Shoemaker, Monroe County Law Department, Rochester, NY, for Defendants.

**DECISION AND ORDER**

H. KENNETH SCHROEDER, JR., United States Magistrate Judge

**\*1** This matter was referred to the undersigned by the Hon. John L. Sinatra, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #14.

Plaintiff, Diamond Bussey, filed this *pro se* action seeking relief under Title 42, United States Code § 1983 claiming defendant law enforcement officers violated his constitutional rights when they used excessive force during the course of a false arrest on March 25, 2020. Dkt. #7.

Currently before the Court is plaintiff's motion for appointment of counsel. Dkt. #24 & Dkt. #35. In support of his motion, plaintiff advises the Court that he requires counsel to investigate his claims and depose defendants. Dkt. #35. Plaintiff also complains that he has limited access to the law library. Dkt. #24.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the ... claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

This action is in its early stages, making it difficult to assess the merits of plaintiff's claim or the public benefit which could be achieved by the appointment of counsel. Moreover, plaintiff has served detailed discovery demands relevant to his claims and has demonstrated a capacity to clearly communicate the factual basis of his claims to the Court. Accordingly, plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth above. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se.* 28 U.S.C. § 1654.

**\*2 SO ORDERED.**

**All Citations**

Slip Copy, 2025 WL 1650792

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

2024 WL 4870495
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Matthew H. COLE, Plaintiff,
v.
Honorable Michael W. SMRTIC, et al. Defendants.

No. 1:24-CV-00847 (MAD/CFH)
|
Signed November 21, 2024

**Attorneys and Law Firms**

MATTHEW H. COLE, 271 Market Street, Amsterdam, New York 12010, Plaintiff pro se.

**REPORT-RECOMMENDATION & ORDER**

CHRISTIAN F. HUMMEL, United States Magistrate Judge

**I. In Forma Pauperis**

**\*1** Plaintiff pro se Matthew H. Cole ("plaintiff") commenced this action (No. 1:24-CV-00623) on May 6, 2024, by filing a complaint. See Dkt. No. 1 ("Compl."). On September 26, 2024, plaintiff submitted what the Court construes to be a supplement to the complaint. [1] See Dkt. No. 7. In lieu of paying this Court's filing fees, he submitted an application for leave to proceed in forma pauperis ("IFP"). See Dkt. No. 2. The undersigned has reviewed plaintiff's IFP application and determines that he financially qualifies to proceed IFP. [2] Thus, the Court proceeds to its review of the complaint pursuant to 28 U.S.C. § 1915. Plaintiff has also submitted for the Court's review a Pro Se Application for Permission to File Electronically and a Motion to Appoint Counsel. See Dkt. Nos. 4, 5.

**II. Initial Review**

**A. Legal Standards**

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). As the Second Circuit stated,

There are many cases in which we have said that a pro se litigant is entitled to "special solicitude," that a pro se litigant's submissions must be construed "liberally," and that such submissions must be read to raise the strongest arguments that they

"suggest[.]" At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, or arguments that the submissions themselves do not "suggest," that we should not "excuse frivolous or vexatious filings by pro se litigants," and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law[.]"

**\*2** Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191-92 (2d Cir. 2008).

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with ... the Federal Rules of Civil Procedure [('Fed. R. Civ. P.')]." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at \*2 (S.D.N.Y. Dec. 13, 2019) (quoting Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994)). Pleading guidelines are provided in the Federal Rules of Civil Procedure. Specifically, Rule 8 requires the pleading to include:

(1) a short and plain statement of the grounds for the court's jurisdiction ...;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought...

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). "The purpose ... is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).

Further, Fed. R. Civ. P. 10 provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative ... to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

**\*3** This Court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). "Legal frivolity ... occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.' " Aguilar v. United States, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at \*2 (D. Conn. Nov. 8, 1999)[3] (quoting Livingston v. Adirondack

Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998)); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory ... or factual contentions lack an arguable basis.").

### B. Complaint

Plaintiff's civil cover sheet indicates that he seeks to bring this action pursuant to "Title U.S.C. 18 Section 241, Conspiracy Against Rights & Title U.S.C. 18 Section 242 Deprivation of rights Under Color of Law." Dkt. No. 1-1 at 1. The civil cover sheet further provides that his cause of action involves, "Violation of Due process, Speedy Trial Rights, Ineffective Assistance of Counsel. I feel I am being targeted for being black and gay." Id.

Plaintiff's form complaint checks the box indicating that he seeks to bring this case pursuant to 42 U.S.C. § 1983. See Compl. at 3. In response to the question in the form complaint asking in "what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials," plaintiff responds, "Due Process, 30.30 Speedy Trial Violation, Ineffective Assistance of counsel."[4] Id. In response to a question asking him to explain "how each defendant acted under color of state or local law," plaintiff states "Each judge deliberately denied me due process, and refused to look into the paperwork to see that i was improperly denied my speedy trial rights. It was a tean [sic] effort. The ADA/Special Prosecutor withheld potential exculpatory material which was usd [sic] against me. All mentioned actions were done and upheld even after I showed federal law with supportive case law as a pro se litigant." Id.

Plaintiff provides that his "case is still on appeakl [sic] in Appellate Court Third Department. I feel they are guilty, or part of what I call a scandal. I went to them from the very start with a complaint to the grievance committee, where they denied any wrongdoing. It must be ok to violate Constitutional rights there. This is from March 2019 to present" Id.

In response to a question that asks plaintiff to state the facts underlying his claims, plaintiff states, "Please see attached Article 78 that is attached. It was dismissed being in the wrong court, but is on point." Id. at 4. Plaintiff did not provide the Court with any such attachment and has not submitted any Article 78 materials. See Compl., Dkt. No. 7.

In response to the form complaint's question asking about any injuries suffered as a result of the conduct he complains of, plaintiff states, "Sever [sic] depression over 20 years, irreperable [sic] harm, defamation of charcter [sic] by arguments not legally allowed to give. Loss of income, inability to gain and keep employment, mental trauma, instilled disbelief in justice in the legal system, familial traumam [sic] due to my legal battles." Id. Indicating the relief sought, plaintiff states

> **\*4** Petitioner seeks reinstatement of driving priveldges [sic], and 10 million dollars for damages caused by conflict of interest, deliberate violation of Due Process, Speedy Trial rights, Ineffective assistance of counsel, malice, Brady Violation, Petitioner claims deliberate misconduct and malice in Montgomery County Court, the Saratoga Disrict Attorney's Office, and the Supreme Court Appellate Division Third department. \*\* This is subject to change if an attorney agrees to represent.

Compl. at 5. Although he typed his name, plaintiff does not sign the complaint where a signature is indicated. See id. at 8.

Plaintiff provides in his supplement that he "removed this action to district court asserting jurisdiction pursuant to 42 U.S.C. 1983, and § 1441." Dkt. No. 7. at 1. Plaintiff states that he removed this case from Montgomery County Supreme Court. See id. He states that he seeks or sought the removal because he was told he was "not guarantee counsel" at the state, but that "[i]n Federal Court, there is that option, pending qualification, and I am told, if a lawyer agrees to take it, then I really have something. I am in dire need of counsel." Id.

Plaintiff states, "[t]he ineffective assistance of counsel and The County Court are a matter already mentioned in the appeal." Dkt. No. 7 at 2. Plaintiff states that "[t]o get my conviction, I allege judicial and prosecutorial misconduct, and ineffective assistance of counsel × 4. That is why I am pro se. I had to protect myself when appointed counsel did not. It also went through a couple judges which is why they are mentioned in the preliminary complaint/paperwork, and why I mention bias." Id. Plaintiff states he can "prove each thing I saw not just with my words, but with transcripts [5] from the County Court, and the Adult Drug Court." Id. Plaintiff refers to being drug free for four and a half years and having academic success in college. Id. at 3. He states that he wishes this Court to hear his case because he believes he will not "see bias" in federal court "like I saw in others." Id. Plaintiff states that he "also put in a Notice of Removal in the Federal Court for those criminal charges that led to the Complaint. I do not trust the assigned appellate attorney. That case too has Constitutional violations. That case number is 1:24-CR-301 (AMN)." Id.

### C. Discussion [6]

#### 1. Rule 8

As a threshold issue, plaintiff's complaint fails to meet the requirements of Rule 8. See FED. R. CIV. P. 8(a)(2). He does not provide a short and plain statement of the claim demonstrating why he is entitled to relief. Although he makes general references to both an Article 78 proceeding and a criminal proceeding and unexplained references to "Due Process, 30.30 Speedy Trial Violation, Ineffective of Counsel," he does not provide factual support or context. Thus, his complaint does not provide "fair notice" to defendants of the claims against them. See FED. R. CIV. P. 8(a)(2).

#### 2. Heck v. Humphrey

However, there are several substantive concerns that further lead the undersigned to recommend dismissal. First, in referencing to "Due Process, 30.30 Speedy Trial Violation, Ineffective of Counsel" and explicitly referencing a criminal conviction, it is clear that plaintiff is attempting to seek some kind of review of a criminal proceeding or conviction. See Compl. at 3. Plaintiff also accuses all named judges of denying him due process and contends that an unnamed "ADA/Special Prosecutor withheld potential exculpatory material which was usd [sic] against me." Compl. at 4. Plaintiff also references a conviction. See Dkt. No. 7 at 4. Such claims would be barred by Heck v. Humphrey.

**\*5** As this Court, citing the District of Connecticut, has set forth:

In Heck, the Supreme Court held that in order for a plaintiff "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. The court further held that "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 487 (emphasis in original).

[ ]

Thus, under Heck and its progeny, if a conviction has not been invalidated previously, a "§ 1983 action is barred ... no matter the target of the prisoner's suit ... if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Ali v. Shattuck, No. 8:24-CV-0128 (DNH/CFH), 2024 WL 2747619, at *3 (N.D.N.Y. May 29, 2024), report-recommendation adopted sub nom. Ali v. Dow, No. 8:24-CV-128, 2024 WL 3460745 (N.D.N.Y. July 18, 2024) (quoting Zografidis v. Richards,

No. 3:22-CV-00631 (AVC), 2022 WL 21756775, at *7 (D. Conn. July 6, 2022), report and recommendation adopted (Oct. 7, 2022), aff'd, No. 22-3197, 2023 WL 7538211 (2d Cir. Nov. 14, 2023)).

Plaintiff has failed to demonstrate that any criminal charge(s), conviction, or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Zografidis, 2022 WL 21756775, at *7. Although plaintiff's complaint wants for detail, the undersigned can clearly determine that plaintiff seeks review of his criminal proceedings, conviction, and/or sentence. The claims plaintiff seeks to pursue relate to allegations that he was denied due process, denied speedy trial rights, and experienced ineffective assistance of counsel. Accordingly, plaintiff's claims are barred by Heck unless and until he can demonstrate favorable termination of his criminal conviction. [7]

### 3. Immunities

Plaintiff names as defendants several defendants who are immune from suit. Insofar as plaintiff names Hon. Michael W. Smrtic, Interim Montgomery County Judge and Tatiana N. Coffinger, "County/Family/Surrogate's Court Judge" [8] such claims would be barred by judicial immunity.

**\*6** "With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions." Zavalidroga v. Girouard, No. 6:17-CV-682 (BKS/ATB), 2017 WL 8777370, at *8 (N.D.N.Y. July 7, 2017) (citing Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (per curiam)). "Judicial immunity has been created for the public interest in having judges who are 'at liberty to exercise their functions with independence and without fear of consequences.' " Id. (quoting Huminski v. Corsones, 396 F.3d 53, 74 (2d Cir. 2004)). "Judicial immunity applies even when the judge is accused of acting maliciously or corruptly." Id. (citation omitted); see Positano v. New York, No. 12-CV-2288 (ADS/AKT), 2013 WL 880329, at *4 (E.D.N.Y. Mar. 7, 2013) (explaining that the plaintiff may not bring action against a judge for actions taken in his judicial capacity, even when the actions violated the ADA).

"Judicial immunity is immunity from suit, not just immunity from the assessment of damages." Zavalidroga, 2017 WL 8777370, at *8 (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). "The only two circumstances in which judicial immunity does not apply is when he or she takes action 'outside' his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken 'in absence of jurisdiction.' " Id. (quoting Mireles, 502 U.S. at 11-12). "In determining whether or not a judge acted in the clear absence of all jurisdiction, the judge's jurisdiction is 'to be construed broadly, and the asserted immunity will only be overcome when the judge clearly lacks jurisdiction over the subject matter.' " Pacherille v. Burns, 30 F. Supp. 3d 159, 163 (N.D.N.Y. 2014) (quoting Ceparano v. Southampton Just. Ct., 404 F. App'x 537, 539 (2d Cir. 2011) (summary order)). "Whether a judge acted in a judicial capacity depends on the nature of the act [complained of] itself, i.e., whether it is a function normally performed by a judge, and [on] the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Ceparano, 404 F. App'x at 539 (internal quotation marks and citation omitted). "Further, if the judge is performing in his judicial capacity," he " 'will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.' " Ceparano, 404 F. App'x at 539 (quoting Stump v. Sparkman, 435 U.S. 349, 362 (1978)). "Judges are not, however, absolutely 'immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.' " Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009) (quoting Mireles, 502 U.S. at 11).

Thus, as plaintiff names the judicial defendants in relation to actions or omissions that they took in their roles as judges, their actions are protected by absolute judicial immunity. To the extent plaintiff names Hon. Felix Catena, "Retired Administrative Law Judge," Judge Catena is also protected by absolute judicial immunity as a judge's retirement, "does not impact [his or] her immunity for acts taken in [his or] her official capacity before her retirement." McCray v. Lewis, No. 16-CV-3855 (WFK/VMS), 2016 WL 4579081, at *2 (E.D.N.Y. Aug. 31, 2016). To the extent plaintiff may seek to sue the judges their official

capacities, the suit is barred by the Eleventh Amendment. See Pacherille v. Burns, 30 F. Supp. 3d 159, 163 n.5 (N.D.N.Y. 2014) ("The Eleventh Amendment shields judges from suit to the extent that they are sued in their official capacities.").

**\*7** In addition, plaintiff also references, exclusively in his "relief" section of the form complaint, "the Supreme Court Appellate Division, Third Department" when stating that he experienced "deliberate misconduct and malice." Compl. at 7. He does not name this Court as a defendant anywhere in the complaint. However, even if plaintiff were to have named the Appellate Division, Third Department as a defendant, such defendant would also need to be dismissed based on Eleventh Amendment immunity as the Appellate Division "is merely an agency or arm of New York State." Benyi v. New York, No. 3:20-CV-1463 (DNH/ML), 2021 WL 1406649, at \*5 (N.D.N.Y. Mar. 23, 2021), report and recommendation adopted, No. 3:20-CV-1463, 2021 WL 1404555 (N.D.N.Y. Apr. 13, 2021) (citation omitted). Accordingly, to the extent a liberal reading of the complaint may suggest that plaintiff seeks to name the Appellate Division as a defendant, such claims are barred by Eleventh Amendment immunity. See Compl.

Finally, insofar as plaintiff seeks to sue Prosecutor Samuel V. Maxwell, Esq., Assistant District Attorney, in addition to the Heck issues noted above, he would be protected by absolute prosecutorial immunity. As this Court has recently reiterated,

> Prosecutors enjoy "absolute immunity from § 1983 liability for those prosecutorial activities 'intimately associated with the judicial phase of the criminal process.' " Barr v. Abrams, 810 F.2d 358, 360-61 (2d Cir. 1987) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). This immunity encompasses "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotations and citation omitted). Absolute immunity applies when a prosecutor's conduct, acting as an advocate during the judicial phase of the criminal process, "involves the exercise of discretion." Flagler v. Trainor, 663 F.3d 543, 547 (2d Cir. 2011) (citing Kalina v. Fletcher, 522 U.S. 118, 127 (1997)).

> Accordingly, absolute immunity extends to functions such as "deciding whether to bring charges and presenting a case to a grand jury or a court, along with the tasks generally considered adjunct to those functions, such as witness preparation, witness selection, and issuing subpoenas." Simon v. City of New York, 727 F.3d 167, 171 (2d Cir. 2013) (citing Imbler, 424 U.S. at 431 n.33); see also Flagler, 663 F.3d at 547 (explaining, "the Supreme Court has found prosecutors absolutely immune from suit for alleged misconduct during a probable cause hearing, in initiating a prosecution, and in presenting the State's case ... [but] withheld absolute immunity for conduct unrelated to advocacy, such as giving legal advice, holding a press conference, or acting as a complaining witness."). "[O]nce a court determines that challenged conduct involves a function covered by absolute immunity, the actor is shielded from liability for damages regardless of the wrongfulness of his motive or the degree of injury caused ...." Bernard v. Cnty. of Suffolk, 356 F.3d 495, 503 (2d Cir. 2004) (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)).

Williams v. Atkins, No. 5:24-CV-0573 (DNH/TWD), 2024 WL 3649849, at \*5 (N.D.N.Y. June 11, 2024), report and recommendation adopted, No. 5:24-CV-573, 2024 WL 3548760 (N.D.N.Y. July 26, 2024).

Plaintiff appears to suggest that Mr. Maxwell "withheld potentially exculpatory material" that was used against him. Compl. at 4. Beyond the Heck barriers already discussed, even if plaintiff could amend to provide greater detail, absolute immunity would extent to even this alleged misconduct as such allegations clearly fall within the scope of prosecutorial immunity. Accordingly, it is recommended that any claims against ADA Samuel V. Maxwell be dismissed for absolute prosecutorial immunity. "Furthermore, because the District Attorney's prosecutorial immunity is substantive and not something that can be corrected by a better pleading, I recommend that the dismissal be with prejudice." Phillips v. New York, No. 5:13-CV-927, 2013 WL 5703629, at \*5 (N.D.N.Y. Oct. 17, 2013) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 223 (2d Cir. 2000)). [9]

### III. Conclusion

**\*8** It is **ORDERED**, that plaintiff's in forma pauperis application (dkt. no. 2) be **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's section 1983 claims against Honorable Michael W. Smrtic; Tatiana N. Coffinger, County/Family/Surrogate's Court Judge; and Felix Catena, Retired Administrative Law Judge (Dkt. Nos. 1, 7) be **DISMISSED WITH PREJUDICE** as follows: (1) claims brought against them in their personal/individual capacities for judicial immunity, and (2) claims brought against them in their official capacities for Eleventh Amendment immunity; and it is further

**RECOMMENDED**, that plaintiff's section 1983 claims against Assistant District Attorney Samuel V. Maxwell (Dkt. Nos. 1, 7) be **DISMISSED WITH PREJUDICE** due to absolute prosecutorial immunity; and it is further

**RECOMMENDED**, that, to the extent a liberal reading of the complaint may suggest that plaintiff seeks to name the Appellate Division, Third Department, as a defendant (Dkt. Nos. 1, 7), such claims be **DISMISSED WITH PREJUDICE** as barred by Eleventh Amendment immunity, and it is

**RECOMMENDED**, that plaintiff's pro se motion for permission to file electronically (dkt. no. 4) and motion to appoint counsel [10] (dkt. no. 5) be **DISMISSED AS MOOT** based on the above recommendations, and it is

**ORDERED**, that the Clerk serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), parties have **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72. [11]

**All Citations**

Slip Copy, 2024 WL 4870495

---

### Footnotes

1    The submission includes a letter addressed to District Judge D'Agostino, titled, "Requirements for Cases Removed From State Court," Dkt. No. 7; a receipt from Montgomery County Clerk dated December 8, 2022; and a "Notice of Claim" with the caption of Cole v. County of Montgomery, dated December 7, 2022. See Dkt. No. 7. The undersigned has reviewed this submission in connection with the initial review of plaintiff's complaint. See Sira v. Morton, 380 F. 3d 57, 67 (2d Cir. 2004).

2    Plaintiff is advised that, although he has been granted IFP status, he is still required to pay all fees and costs he may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

3    Any unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff.

4       Although plaintiff generally references ineffective assistance of counsel, Compl. at 4, he does not name any attorney who may have represented him. Any claims against the prosecutor would not be considered ineffective assistance of counsel because Mr. Maxwell, as the prosecutor, was not plaintiff's attorney.

5       Plaintiff did not provide any transcripts.

6       As a courtesy, the Court has provided plaintiff with copies of any unpublished cases cited within this Report-Recommendation & Order.

7       The undersigned recognizes that claims that are determined to be barred by Heck are dismissed without prejudice. However, the undersigned has recommended dismissal with prejudice because plaintiff has only named defendants who are immune from relief. Accordingly, the undersigned is recommending dismissal of the claims based on these immunities, rather than a Heck dismissal. The undersigned has included the Heck review for sake of completeness.

8       Although plaintiff provides no facts regarding any family court proceedings, that he named a family court judge and makes general reference to that he seeks review over actions taken by a family court judge. Even if plaintiff were to amend his complaint to provide facts about any possible family court proceedings and details about any alleged violations of his rights that he believes he faced in that Court, if plaintiff seeks this Court's review of an order of the family court, such review would be barred by Rooker-Feldman, and if plaintiff seeks this Court's review or intervention of a currently pending/ongoing Family Court proceeding, such review would be barred by Younger. See Porter v. Nasci, No. 5:24-CV-0033 (GTS/TWD), 2024 WL 1142144, at *4 (N.D.N.Y. Mar. 15, 2024) (citations omitted), report and recommendation adopted, 2024 WL 3158645 (N.D.N.Y. June 25, 2024) ("Under the Rooker-Feldman doctrine, a federal district court lacks authority to review a final state court order or judgment where a litigant seeks relief that invites the federal district court to reject or overturn such a final state court order or judgment."); see also Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002) ("[F]ederal courts [must] abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.").

9       Plaintiff appears to characterize his submissions as a purported removal to federal court or suggests that he seeks to remove his case from Montgomery County Court to this Court. See Dkt. No. 7 (citing 28 U.S.C. § 1441). However, in addition to the infirmities mentioned above, plaintiff has not demonstrated that any proceeding related to this complaint has been properly removed to, or is subject to removal to, this Court. See, e.g., 28 U.S.C. § 1446. Indeed, plaintiff's submissions appear to indicate that plaintiff is the plaintiff in the County Court action. See id. § 1446(a).

10      The undersigned also notes that plaintiff did not contend that he made any efforts to obtain counsel on his own, show proof of any attorneys he contacted. See Terminate Control Corp v. Horowitz, 28 F.3d 1335 (2d Cir. 1994). See Dkt. No. 5.

11      If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).

---

**End of Document**                                     © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 5:26-cv-00543-MAD-MJK   Document 9   Filed 04/17/26   Page 20 of 34

**1997 WL 118379**
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Jeanette HARMON, Plaintiff,
v.
Marvin T. RUNYON, Postmaster General, United States Postal Service, Defendant.

No. 96 CIV. 6080(SAS).
|
Mar. 17, 1997.

**Attorneys and Law Firms**

Jeanette Harmon, pro se.

Aaron Katz, Asst. U.S. Atty., New York, N.Y., for Defendant.

*MEMORANDUM ORDER*

SCHEINDLIN, District Judge.

**\*1** On August 12, 1996, plaintiff filed this action pursuant to 42 U.S.C. §§ 2000e to 2000e–17 and § 29 U.S.C. §§ 621 to 634 for employment discrimination on the basis of her age, race and gender. On November 21, 1996, plaintiff applied for the appointment of counsel on the grounds that she lacks sufficient knowledge of the law to continue to maintain her claims *pro se.* For the reasons set forth below, plaintiff's application for appointment of counsel is denied with leave to renew.

Discussion As an initial matter, there is no constitutional right to appointed counsel in civil cases. Moreover, due to the scarcity of volunteer attorneys, the Second Circuit has cautioned against the routine appointment of *pro bono* counsel in civil cases. *See Cooper v. A. Sargenti Co. Inc.,* 877 F.2d 170, 172 (2d Cir.1989). In *Hodge v. Police Officers,* 802 F.2d 58, 61–62 (2d Cir.1986), *cert. denied,* 502 U.S. 986, 112 S.Ct. 596, 116 L.Ed.2d 620 (1991), the Second Circuit set forth the factors courts should consider in deciding whether to grant a *pro se* plaintiff's request for the appointment of counsel. As a threshold requirement, the court must decide whether the plaintiff's claim "seems likely to be of substance." *Hodge,* 802 F.2d at 61. If the plaintiff meets this requirement, the court must next consider factors including:

the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination. Id. at 61–62. As plaintiff is not indigent, the court is also required to consider plaintiff's efforts to obtain a lawyer. *Cooper,* 877 F.2d at 172, 174.

In the instant case, plaintiff has not met the threshold requirement set forth in *Hodge.* Plaintiff has presented no evidence whatever to support her claims regarding defendant's allegedly improper actions. Without presenting any evidence to support her claims, Harmon cannot meet the first requirement of the *Hodge* test described above. Accordingly, plaintiff's application is denied.

1997 WL 118379

Given the early stage of these proceedings, it is possible that plaintiff eventually will be able to provide some evidence to support her claims. Plaintiff's application is therefore denied with leave to renew. If plaintiff wishes to apply again for the appointment of counsel, she must make some attempt to refer to evidence which supports her claims.

SO ORDERED.

**All Citations**

Not Reported in F.Supp., 1997 WL 118379

---

**End of Document**
© 2026 Thomson Reuters. No claim to original U.S. Government Works.

---

335 Fed.Appx. 102
This case was not selected for publication in West's Federal Reporter.
United States Court of Appeals,
Second Circuit.

Sandra SHEEHY, et al., Plaintiffs–Appellants,

v.

Thomas P. BROWN, et al., Defendants–Appellees.

No. 08–0102–cv.
|
June 23, 2009.

**Synopsis**
**Background:** Plaintiffs appealed, pro se, a judgment of the United States District Court for the Western District of New York, Telesca, J., sua sponte dismissing their complaint.


**Holdings:** The Court of Appeals held that:

[1] plaintiffs failed to establish § 1983 claims arising out of their allegedly false prosecutions, and

[2] plaintiffs failed to state a claim for conspiracy to interfere with civil rights.


Affirmed.


West Headnotes (2)


**[1]      Civil Rights**  🔑  Criminal prosecutions

Plaintiffs failed to allege that their convictions or sentences were invalidated or otherwise expunged, as required to establish § 1983 claims arising out of their allegedly false prosecutions. 42 U.S.C.A. § 1983.

61 Cases that cite this headnote


**[2]      Conspiracy**  🔑  Civil rights conspiracies

Plaintiffs failed to allege the formation of a conspiracy, and overt acts in furtherance of such conspiracy, as required to state a claim for conspiracy to interfere with civil rights. 42 U.S.C.A. § 1985.

424 Cases that cite this headnote


**\*103  UPON DUE CONSIDERATION,** it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED.**

**Attorneys and Law Firms**

Sandra Sheehy, pro se.

Robert Sheehy, pro se.

Patrick Sheehy, pro se.

Bobbi Sheehy, pro se.

Billie Sheehy, pro se.

Casey Sheehy, pro se.

Sherry Sheehy, pro se.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER and Hon. B.D. PARKER, Circuit Judges.

### *SUMMARY ORDER*

 **\*\*1** Plaintiffs–Appellants Sandra, Robert, Patrick, Bobbi, Billie, Casey, and Sherri Sheehy, *pro se,* appeal from the judgment of the United States District Court for the Western District of New York (Telesca, J.), *sua sponte* dismissing the complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We assume the parties' familiarity with the facts, procedural history and issues on appeal.

Having reviewed *de novo* the district court's *sua sponte* dismissal under § 1915(e), *see Giano v. Goord,* 250 F.3d 146, 149–50 (2d Cir.2001), we conclude that the district court did not err in dismissing Appellants' complaint.

 **[1]** First, any 42 U.S.C. § 1981 or § 1983 claim against Appellees Lucy or Edward Sherwood, Thomas Fuoco, Mark Wattenberg, or Steve Presutti was properly dismissed, as private actors and institutions generally are not proper § 1983 defendants. *See American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (§ 1983 actions do not reach purely private conduct). Additionally, for an individual to recover damages for an allegedly unconstitutional conviction or imprisonment, he or she "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus...." *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Thus, any § 1983 claims arising out of the allegedly false prosecutions of Sandra, Patrick, or Robert Sheehy were appropriately dismissed, as Appellants did not allege that their convictions or sentences were invalidated or otherwise expunged. *Id.*

 **\*104** As for the American Society for the Prevention of Cruelty to Animals, the Allegany County Society for the Prevention of Cruelty to Animals, and Appellee Presutti, claims against these defendants were properly dismissed, as Appellants did not allege any wrongdoing on their part or specify how they were involved in the constitutional violations alleged. *See* 28 U.S.C. § 1915(e)(2). Next, to the extent that Appellants challenge the conduct of county district attorneys or state court judges, such actors are entitled to immunity. *Nixon v. Fitzgerald,* 457 U.S. 731, 766, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982); *Imbler v. Pachtman,* 424 U.S. 409, 430–31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993).

Appellants also assert § 1983 claims against: (1) county sanitation workers for entering the Sheehys' property, in violation of their property and privacy rights; (2) state troopers for use of excessive force and retaliation; and (3) Allegany County Department of Social Services employees for entering the Sheehys' property and removing the Sheehy children from their homes, in violation of their First, Fourth, and Ninth Amendment rights. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* ––– U.S. ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). We conclude that because the Appellants' § 1983 allegations are so vague as to fail to give the defendants adequate notice of the claims against them, the district court did not err in dismissing them.

**2 [2]** Appellants also assert claims under § 1985, for which a plaintiff must allege: (1) a conspiracy, (2) which has an intent or purpose to deprive a person of equal protection of the law; (3) an act in furtherance of the conspiracy; (4) which results in an injury to a person, or a person's property, or the deprivation of a federal constitutional right. *See Mian v. Donaldson, Lufkin & Jenrette Securities Corp.,* 7 F.3d 1085, 1087 (2d Cir.1993) (per curiam). Here, the Appellants' claims of conspiracy failed to specifically allege (1) the formation of a conspiracy; or (2) overt acts in furtherance of such conspiracy. Thus, the district court correctly dismissed any claims brought pursuant to §§ 1985 and 1986.

To the extent that Appellants assert claims based on the violation of federal criminal statutes, such as 18 U.S.C. §§ 241–242, these claims are not cognizable, as federal criminal statutes do not provide private causes of action. *See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2d Cir.1994). In addition, any claim brought under 42 U.S.C. § 2000d, which prohibits the exclusion of individuals from a federally funded program or activity on the basis of race, color, or national origin, properly was dismissed, as Appellants did not allege that they were excluded from a federally funded program or activity and, thus, no claim exists under that statute. Similarly, although former 42 U.S.C. § 13981 authorized a cause of action arising out of a crime of violence motivated by gender, the Supreme Court has held that statute unconstitutional. *See United States v. Morrison,* 529 U.S. 598, 601, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000).

We have reviewed Appellants' remaining arguments and find them to be without merit. We also note here that we see no **\*105** indication in the record that Appellants perfected service on any of the defendants in this case.

Therefore, for the reasons stated above, the judgment of the district court is AFFIRMED.

**All Citations**

335 Fed.Appx. 102, 2009 WL 1762856

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

Case 5:26-cv-00543-MAD-MJK    Document 9    Filed 04/17/26    Page 25 of 34

Terpening v. McGinty, Not Reported in Fed. Supp. (2022)

2022 WL 2115265
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Tammy TERPENING, Plaintiff,

v.

Anthony MCGINTY, in his judicial and individual capacities, Defendant.

1:21-CV-1215 (GTS/CFH)

|

Signed 06/13/2022

**Attorneys and Law Firms**

TAMMY TERPENING, Plaintiff, Pro Se, 17 Blair Road, Apt. 6, Kerhonkson, New York 12446.

**DECISION and ORDER**

GLENN T. SUDDABY, Chief United States District Judge

**\*1**  Currently before the Court, in this *pro se* civil rights action filed by Tammy Terpening ("Plaintiff") against Anthony McGinty ("Defendant"), is United States Magistrate Judge Christian F. Hummel's Report-Recommendations recommending that Plaintiff's claims against Defendant in his individual and judicial (or official) capacities pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964 ("Title VII") be dismissed with prejudice (and without prior leave to amend), that Plaintiff's claim against Defendant in his individual capacity pursuant to the Americans with Disabilities Act ("ADA") also be dismissed with prejudice (and without prior leave to amend), and that Plaintiff's claim against Defendant in his judicial (or official) capacity pursuant to the ADA be dismissed without prejudice. (Dkt. No. 6.) Plaintiff has not filed an Objection to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation.[1] Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court would add only the following analysis.

Before the issuance of the Report-Recommendation, Plaintiff filed a motion to appoint counsel and to receive access to the Court's electronic case filing system. (Dkt. No. 4.) In addition, after the expiration of the deadline by which to file an Objection to the Report-Recommendation, Plaintiff filed a second motion to appoint counsel. (Dkt. No. 7.)

Plaintiff's two motions to appoint counsel are not accompanied by documentation that substantiates her efforts to obtain counsel from the public and private sector. *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994); *Cooper v. Sargenti Co., Inc.*, 877 F.2d 170, 172, 174 (2d Cir. 1989). Moreover, because Defendant has not yet appeared and answered, the Court is unable to determine, as a threshold matter, whether Plaintiff's claims are likely to be of substance. *Terminate Control Corp.*, 28 F.3d at 1341. Furthermore, even if the Court were to assume that Plaintiff's claims are likely to be of substance, the relevant factors would, and do, weigh decidedly against the granting of Plaintiff's motions at this time: (a) it appears as though, to date, Plaintiff has been able to effectively litigate this action *pro se*, (b) at this point, it appears that the case does not present issues that are novel or more complex than those raised in most *pro se* civil rights actions, (c) while it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial (as is the case in many civil rights actions brought by *pro se* litigants), it is highly probable that this Court will appoint trial counsel at the final pretrial conference (should

this case survive the filing of any dispositive motions), and (d) the Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation. *Id.*; *Hodge*, 802 F.2d at 61. For all of these reasons, Plaintiff's two motions to appoint counsel are denied without prejudice.

**\*2** Finally, Plaintiff has not sufficiently shown cause for the receipt of access to the Court's electronic case filing system. For this reason, the motion to receive such access is denied without prejudice.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Hummel's Report-Recommendation (Dkt. No. 6) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's claims under 42 U.S.C. § 1983 and Title VII against Defendant in his individual and judicial (or official) capacities, and Plaintiff's claim under the ADA against Defendant in his individual capacity, are **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's claim under the ADA against Defendant in his judicial (or official) capacity **shall be DISMISSED with prejudice** and without further Order of this Court **UNLESS, within THIRTY (30) DAYS** from the issuance of this Decision and Order, Plaintiff files an **Amended Complaint** curing the pleading defects in that claim identified in the Report-Recommendation; and it is further

**ORDERED** that, should Plaintiff file such an Amended Complaint, the Amended Complaint must be a complete pleading that supersedes and replaces his original Complaint in all respects and does not incorporate by reference any portion of that original Complaint; and it is further

**ORDERED** that, should Plaintiff file an Amended Complaint in this action, the Amended Complaint shall be automatically referred to Magistrate Judge Hummel for review pursuant to 28 U.S.C. § 1915(e).

**ORDERED** that Plaintiff's motion to appoint counsel and for access to electronic filing (Dkt. No. 4) is **DENIED without prejudice**; and it is further

**ORDERED** that Plaintiff's second motion to appoint counsel (Dkt. No. 7) is **DENIED without prejudice**.

The Court certifies that an appeal from this Decision and Order would not be taken in good faith.

**All Citations**

Not Reported in Fed. Supp., 2022 WL 2115265

---

**Footnotes**

1      When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)

(Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

Case 5:26-cv-00543-MAD-MJK     Document 9     Filed 04/17/26     Page 28 of 34

2018 WL 10323032
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Dr. Neelam UPPAL, Plaintiff,
v.
BANK OF AMERICA; Ana Diaz; Miguel M Cordano; John D.
Bernstein; Noa Law Firm; Libler, Gonzalez and Portuondo, Defendants.

18-CV-3085 (CM)
|
Signed 10/04/2018

**Attorneys and Law Firms**

Neelam Uppal, Largo, FL, pro se.

ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

 **\*1**  Plaintiff filed this action *pro se* and *in forma pauperis* (IFP). By order dated May 2, 2018, the Court directed Plaintiff to file an amended complaint that stated a viable claim, and informed Plaintiff that if she failed to comply, the Court would order her to show cause why a filing injunction should not be imposed. Plaintiff filed a notice of appeal and a motion for recusal. The Court denied the motion for recusal and granted Plaintiff an extension of time to amend her complaint. [1] (ECF No. 10.) Plaintiff requested an additional extension of time, which the Court granted. Plaintiff filed an amended complaint on August 16, 2018.

### STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

### BACKGROUND

Plaintiff, a medical doctor, filed this complaint against Bank of America, Florida attorneys Ana Diaz, Miguel M. Cordano, John D. Bernstein, and Florida law firms the NOA Law Firm and Liebler, Gonzalez & Portuondo. Plaintiff listed a New York address for herself, although some attachments suggested that she resided in Florida. The complaint set forth the following allegations: Plaintiff filed for bankruptcy in this District. Bank of America (BOA) "failed to release garnishment on the Plaintiff's accounts during the automatic stay;" garnished exempt accounts such as Plaintiff's IRA and education fund; improperly took money out of Plaintiff's accounts to pay for judgments that were on appeal; and acted "in cahoots with the corrupt lawyers." Plaintiff

Case 5:26-cv-00543-MAD-MJK    Document 9    Filed 04/17/26    Page 29 of 34

Uppal v. Bank of America, Not Reported in Fed. Supp. (2018)

asserted that BOA violated "privacy laws" and myriad criminal statutes. Plaintiff sought to enjoin BOA from withdrawing or freezing her accounts. There were no facts in the complaint regarding the other defendants.

In the May 2, 2018 order to amend, the Court held that Plaintiff's complaint did not comply with federal pleading rules because: (1) federal criminal statutes do not provide for a private right of action; (2) the Court lacked jurisdiction to consider claims arising out of her bankruptcy matter; (3) the allegation that BOA violated "privacy laws" did not state a claim; (4) the complaint provided no facts explaining why the other defendants were named in the complaint; and (5) Plaintiff failed to establish that the Court had diversity jurisdiction over any state law claims. The Court directed Plaintiff to amend her complaint. Noting Plaintiff's extensive litigation history, the Court informed Plaintiff that if she fail to amend her complaint, or if she filed an amended complaint that did not state a claim, the Court would order her to show cause why she should not be barred from filing any new civil actions in this Court IFP without first obtaining permission from this Court for leave to file.

 **\*2**  In her amended complaint, Plaintiff asserts that she resides in Florida. She reasserts the same claims against BOA arising from the bankruptcy action, and state law claims under the Court's diversity jurisdiction. In addition, Plaintiff alleges that defendants conspired with other individuals who are not parties to this action, including Barry Wilkinson and George Indest, to bribe court clerks and remove documents from bankruptcy court files. According to Plaintiff, attorneys, judges, and judicial employees conspired "to interfere with the proper functioning and decision-making of" the court. (ECF No. 13). Plaintiff also asserts claims under 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964.

## DISCUSSION

Plaintiff's previously asserted claims are dismissed for the reasons set forth in the Court's May 2, 2018 order to amend. In short summary, to the extent Plaintiff asserts claims under federal criminal statutes, she — a private citizen — cannot prosecute a criminal action in federal court. See *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Moreover, the amended complaint makes clear that diversity jurisdiction is lacking in this case. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that he and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Plaintiff indicates in the complaint that she and all the individual defendants reside in Florida, precluding complete diversity of citizenship.

The Court construes Plaintiff's conspiracy claim as seeking relief under the civil provision of RICO, which "creates a private right of action for individuals to enforce the RICO statute." *Mathon v. Feldstein*, 303 F. Supp. 2d 317, 322 (E.D.N.Y. 2004). "The civil RICO statute, 18 U.S.C. § 1964(c), specifies that '[a]ny person injured ... by reason of a violation of [§ 1962] may sue therefor ... and ... recover threefold the damages he sustains.' " *Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171, 176 (2d Cir. 2004) (quoting 18 U.S.C. § 1964(c)).

In order to state a claim for relief under § 1964(c), Plaintiff must allege that Defendants violated § 1962. This requires Plaintiff to plead that he was injured by "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). Racketeering activity is defined in 18 U.S.C. § 1961(1) and includes mail fraud, as defined in 18 U.S.C. § 1341, and wire fraud, as defined in 18 U.S.C. § 1343. A pattern of racketeering activity must involve "at least two predicate acts [of racketeering activity] committed within a ten year period." *Cosmos Forms Ltd. v. Guardian Life Ins. Co. of Am.*, 113 F.3d 308, 310 (2d Cir. 1997) (citing *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 237 (1989)); *see also* 18 U.S.C. § 1961(5).

"A complaint alleging mail and wire fraud must show (1) the existence of a scheme to defraud, (2) defendant's knowing or intentional participation in the scheme, and (3) the use of interstate mails or transmission facilities in furtherance of the scheme." *S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.*, 84 F.3d 629, 633 (2d Cir. 1996). These allegations must meet the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure, which provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "To satisfy this requirement, a complaint

Case 5:26-cv-00543-MAD-MJK    Document 9    Filed 04/17/26    Page 30 of 34

Uppal v. Bank of America, Not Reported in Fed. Supp. (2018)

must 'specify the time, place, speaker, and content of the alleged misrepresentations,' [and] 'explain how the misrepresentations were fraudulent." *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013) (quoting *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 191 (2d Cir. 2001)). Under Rule 9(b), "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," but a complaint still must contain enough factual matter to "give rise to a strong inference that the defendant[ ] had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth." *Cohen*, 711 F.3d at 359 (quoting *Caputo*, 267 F.3d at 191).

**\*3** Here, Plaintiff provides no facts to state a civil RICO claim against Defendants. Plaintiff vaguely asserts that Defendants engaged in fraud, but she does not plead these allegations with particularity. Plaintiff does not describe how any of the Defendants other than BOA were involved in defrauding her. Instead, Plaintiff offers little more than legal conclusions to support her claims that Defendants engaged in a scheme to defraud her. Therefore, Plaintiff's complaint does not satisfy Rule 9(b)'s heightened pleading requirements, and the Court dismisses the conspiracy claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff invokes Title VII and § 1981, but both statutes are irrelevant to this case. Title VII provides that "[i]t shall be an unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Plaintiff was not in an employer-employee relationship with defendants, and therefore she cannot state a Title VII claim.

Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470, 474 (2006) (quoting 42 U.S.C. § 1981(a)). To state a § 1981 claim, a plaintiff must allege: (1) that he is a member of a racial minority; (2) the defendants intended to discriminate on the basis of race; and (3) the discrimination concerns one of the statute's enumerated activities. *Id.* at 476 (holding that a plaintiff is entitled to relief under § 1981 "when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship"). The amended complaint is bereft of any facts suggesting a viable § 1981 claim.

## LITIGATION HISTORY

A review of Public Access to Court Electronic Records (PACER) shows that Plaintiff has filed more than twenty-five cases in federal and circuit courts in New York, New Jersey, and Florida. *See Uppal v. Indest*, No. 17-7072 (CM), 2017 WL 6405660, at \*2 (S.D.N.Y. Oct. 12, 2017) (dismissing Plaintiff's conspiracy claims and claims arising under federal criminal statutes, and warning her against continued frivolous litigation), No. 17-3362 (2d Cir. May 17, 2018) (dismissing appeal as lacking an arguable basis in law or fact). Plaintiff has previously been warned and sanctioned. *In re Taneja*, 2018 WL 1831853, at \*1 (S.D.N.Y. 2018) (fining Plaintiff $5,000); *In re Neelam Taneja a/k/a Neelam Uppal*, No. 17-BK-10140 (M.D. Fla. Bankr. Jan. 11, 2018) (deeming Plaintiff "an abusive serial bankruptcy filer" and enjoining her from filing for bankruptcy in that district for two years).

Although *pro se* litigants are afforded special solicitude, Plaintiff is very familiar with federal court proceedings. The Court finds that Plaintiff should have known that this complaint lacked merit when she filed it. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (explaining that in certain circumstances, a litigious plaintiff may not be entitled to special solicitude because of her familiarity with the legal system). Plaintiff is ordered to show cause by declaration why she should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file her complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within thirty days of the date of this order, Plaintiff must submit to this Court a written declaration setting forth good cause why the Court should not impose this injunction upon her. If Plaintiff fails to submit a declaration within the time

Case 5:26-cv-00543-MAD-MJK     Document 9     Filed 04/17/26     Page 31 of 34

directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, she will be barred from filing any further actions IFP in this Court unless she first obtains permission from this Court to do so.

## CONCLUSION

**\*4** The Clerk is directed to mail a copy of this order to Plaintiff, and note service on the docket. The amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff has thirty days to show cause by written declaration why an order should not be entered barring Plaintiff from filing any future action *in forma pauperis* in this Court without prior permission. A Declaration form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Attachment

Case 5:26-cv-00543-MAD-MJK    Document 9    Filed 04/17/26    Page 32 of 34

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

Attach additional pages and documents if necessary.

| | |
|---|---|
| Executed on (date) | Signature |
| Name | Prison Identification # (if incarcerated) |
| Address | City        State        Zip Code |
| Telephone Number (if available) | E-mail Address (if available) |

Page 2

**All Citations**

Not Reported in Fed. Supp., 2018 WL 10323032

 © 2026 Thomson Reuters. No claim to original U.S. Government Works.

## Footnotes

1    In its order, the Court held that the notice of appeal was defective because Plaintiff was attempting to appeal from a nonfinal order that had not been certified for interlocutory appeal. *See, e.g., United States v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996) (deeming a notice of appeal from a nonfinal order to be "premature" and a "nullity," and holding that the notice of appeal did not divest the district court of jurisdiction).

**End of Document**    © 2026 Thomson Reuters. No claim to original U.S. Government Works.