**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**BARBARA J. OLIVER,**

                                        **Plaintiff,**

        **vs.**                                                                **5:26-CV-543**
                                                                               **(MAD/MJK)**

**SHERIFF DEPARTMENT,** *et al.*,

                                        **Defendants.**

---

**APPEARANCES:**                                        **OF COUNSEL:**

**BARBARA J. OLIVER**
Syracuse, New York 13261
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

*Pro se* Plaintiff Barbara J. Oliver filed a complaint on April 6, 2026, naming seven law enforcement departments or individuals as Defendants. *See* Dkt. No. 1. Plaintiff paid the filing fee. *See id.* Plaintiff filed a letter requesting the U.S. Marshals to serve her summonses and complaint on Defendants and she moved for the appointment of counsel. *See* Dkt. Nos. 5, 6. On April 17, 2026, Magistrate Judge Mitchell J. Katz issued an Order & Report-Recommendation, stating that Plaintiff's complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure or otherwise state a claim. *See* Dkt. No. 9. He also denied her motions to appoint counsel and to issue service. *See id.* at 5-8. Magistrate Judge Katz recommended granting Plaintiff leave to amend her complaint. *See id.* at 8.

The same day the Order & Report-Recommendation was issued, Plaintiff filed a letter stating additional allegations in support of her complaint. *See* Dkt. No. 11. She subsequently filed objections to Magistrate Judge Katz's decision. *See* Dkt. No. 12.

1

"Generally, when a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 683 (N.D.N.Y. 2015) (citing FED. R. CIV. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Id.* (quoting N.D.N.Y. L.R. 72.1(c)) (footnote omitted). "When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review." *Id.* at 684 (citations omitted). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review." *Id.* (footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As Plaintiff is proceeding *pro se*, the Court must review her complaint under a more lenient standard. *See Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003). Thus, "a document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Although the court has the duty to show liberality towards pro se litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action *in forma pauperis*." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

2

Plaintiff's objections are not specific, and the Court will review Magistrate Judge Katz's recommendation for only clear error.   Plaintiff's complaint, letter, and objections concern the same general allegations; Plaintiff contends that law enforcement Defendants are utilizing a "computer reprogramming" system to track and spy on her.  Dkt. No. 1 at 7.  Plaintiff calls it a "Laser Beam Electric Computer Device," Dkt. No. 11 at 5, which is used as part of a "Predicting Policing Algorithm," Dkt. No. 12 at 1, and results in her being wrongfully targeted by law enforcement, stalked, and harassed.

The Court finds no clear error in Magistrate Judge Katz's recommendation to dismiss Plaintiff's complaint for failure to state a claim or comply with Rule 8.  *See* Dkt. No. 9. Magistrate Judge Katz is correct that Plaintiff cannot seek to prosecute Defendants in this civil action.  *See id.*; *see also Ojeda v. Mendez*, No. 20-CV-3910, 2021 WL 7906547, *8 (E.D.N.Y. Dec. 9, 2021), *R. & R. adopted*, 2022 WL 4662248 (E.D.N.Y. Sept. 30, 2022), *aff'd*, No. 22-2700, 2024 WL 177706 (2d Cir. Jan. 17, 2024) ("[P]rivate individuals cannot bring criminal charges in a civil action") (citing *Sheehy v. Brown*, 335 Fed. Appx.. 102, 104 (2d Cir. 2009) (summary order) ("[F]ederal criminal statutes do not provide private causes of action")).  He also correctly concluded that Plaintiff has not otherwise set forth a cognizable legal claim.  *See* Dkt. No. 9; *see also City of Pontiac Police & Fire Ret. Sys. v. BNP Paribas Sec. Corp.*, 92 F.4th 381, 390 (2d Cir. 2024) ("The factual allegations must, at the very least, raise a right to relief above the speculative level. . . .  Plaintiffs cannot rely on mere labels and conclusions, or naked assertions absent further factual enhancement") (citation and quotation marks omitted).  As Plaintiff's complaint fails to allege a cognizable claim, and the Court finds no clear error in any portion of the Order & Report-Recommendation, the complaint must be dismissed.

As to amendment, although the Court is unable to discern a single possible claim Plaintiff could bring based on the currently pled facts, the Court will permit her leave to amend in light of her *pro se* status.

After carefully considering the Order & Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Katz's Order & Report-Recommendation (Dkt. No. 9) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED** without prejudice and with leave to file an amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within **thirty (30) days** of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case, without further order of this Court;  and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order upon Plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated:  May 13, 2026
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

4